

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave. NW, Rm. 7214
Washington, DC 20530

ACW:JESandberg

Tel.: (202) 532-4453

VIA CM/ECF

September 8, 2023

Christopher M. Wolpert, Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, Colorado 80257

Re:  *Carpenter v. Vilsack*, No. 22-8079, and *Rogers v. Vilsack*, No. 23-1122 (argument scheduled for September 13, 2023 before Judges Phillips, Baldock, and McHugh)

Dear Mr. Wolpert:

We write under FRAP 28(j) to advise the Court of two recent authorities supporting the government's arguments.

First, in *Robert v. Austin*, 72 F.4th 1160 (10th Cir. 2023), this Court considered a putative class action by two servicemembers challenging a military vaccine mandate. While litigation was pending, the plaintiffs retired from military service, and "Congress passed legislation requiring DoD to rescind the COVID-19 vaccine mandate," which the agency then did. *Id.* at 1164. This Court held that those "two reasons" rendered the case moot, as there was no longer "'any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (quoting *Smith v. Becerra*, 44 F.3d 1238, 1247 (10th Cir. 2022)). The Court dismissed plaintiffs' reliance on the voluntary-cessation exception, reaffirming that legislative repeal "ordinarily … moots a case" challenging the repealed statute. *Id.* (quoting *Smith*, 44 F.4th at 1250). The Court also rejected the plaintiffs' attempt to escape mootness through a novel "back pay" claim not timely raised below. *Id.* at 1165. Here, too, legislative repeal has resulted in mootness, and plaintiff's belated efforts to seek different relief should be rejected. *See* Gov't Br. 19-20, 26-28.

Second, in *League of Women Voters of Florida v. Florida Secretary of State*, 66 F.4th 905 (11th Cir. 2023), the Eleventh Circuit reviewed permanent injunctions addressed to various provisions of a state voting statute. During the pendency of litigation, one of those provisions was repealed. The plaintiffs conceded that the repeal mooted their challenge to the provision, but urged that *Munsingwear* vacatur was unwarranted because the mootness was caused by the defendants' voluntary action. Rejecting that argument, the court of appeals explained that the legislature, not agency officials, was responsible for the repeal. *Id.* at 949-51. Surveying case law from the Supreme Court and other circuits (including this Court), the court declined to "attribute the actions of unrelated, nonparty government officials to other officials who are party to litigation." *Id.* at 949. Similarly here, this Court's mootness analysis should account for the fact that the intervening event was not a voluntary cessation by USDA, but rather, repeal by Congress. Gov't Br. 18-19.

        Sincerely,

        Abby C. Wright
        /s/ Jeffrey E. Sandberg
        Jeffrey E. Sandberg
        Civil Division, Appellate Staff
        U.S. Department of Justice
        (202) 532-4453
        jeffrey.e.sandberg@usdoj.gov

        *Counsel for Defendants-Appellees*

cc: all counsel of record (via CM/ECF)