

2596 South Lewis Way
Lakewood, Colorado 80227
303-292-2021   • FAX 303-292-1980
www.mountainstateslegal.org

William E. Trachman
wtrachman@mslegal.org
303-292-2021

September 11, 2023

Christopher M. Wolpert
Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
1823 Stout Street
Denver, Colorado 80257

  Re: *Carpenter v. Vilsack,* No. 22-8079, and *Rogers v. Vilsack*, No. 23-1122 (argument scheduled for September 13, 2013, before Judge Phillips, Judge Baldock, and Judge McHugh)

We respond to the government's FRAP 28(j) letter, filed on September 11, 2023.

The government submits two supplemental authorities to this Court. Neither case supports Appellees' arguments.

First, in *Robert v. Austin*, 72 F. 4th 1160 (10th Cir. 2023), this Court held that a challenge to an Armed Forces COVID-19 vaccination mandate was moot for two reasons. First, the plaintiffs had separated from the army; second, the vaccine mandate had been rescinded. It did not, however, address a situation where a plaintiff's injury extended beyond the rescission of a policy. Instead, it merely dismissed a back pay claim that had received only "cursory mention," and which was not before the district court. This Court held that the plaintiffs "waived any argument involving lost opportunities and backpay." *Id.* at 1165. *Robert* thus has no relevance to this case, other than to the extent that the government has forfeited several arguments by not raising them before the District Court.

Second, in *League of Women Voters of Florida v. Florida Secretary of State*, 66 F.4th 905 (11th Cir. 2023), there was no dispute as to mootness; instead, the question was whether *Munsingwear* vacatur was appropriate. The plaintiffs contended that one exception to *Munsingwear* was present, because although the Appellees had not directly caused the case to become moot, they *were* the ones who had "counseled the Legislature to repeal the provision" at issue. *Id.* at 949. The court rejected that argument, and vacated the judgment below, since it was the state legislature—not the Appellees themselves—who had mooted the case through legislation. The decision has no relevance to the instant dispute. Appellants have never contended that Section 1005 was not repealed by Congress, in a statute signed by President Biden.

Neither of Appellees' new cases undermines the proposition that Carpenter and Rogers were treated differently than other similarly situated individuals under Section 1005, solely based on their race. *See also* ER293. Nor do the cases help the government meet its burden to establish that an order cannot be entered that would have real-world effects.

*/s/ William E. Trachman*
William E. Trachman, CO BAR #45684
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Facsimile: (877) 349-7074
wtrachman@mslegal.org

*Attorney for Plaintiff-Appellant*

cc: All Counsel of Record