

2596 South Lewis Way
Lakewood, Colorado 80227
303-292-2021  •  FAX 303-292-1980
www.mountainstateslegal.org

William E. Trachman
wtrachman@mslegal.org
303-292-2021

October 9, 2023

Christopher M. Wolpert
Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
1823 Stout Street
Denver, Colorado 80257

    Re:    Rule 28(j) Notice of Supplemental Authority: *Carpenter v. Vilsack,* No. 22-8079, and *Rogers v. Vilsack*, No. 23-1122

Dear Mr. Wolpert:

On September 29, 2023, the Supreme Court granted certiorari in *FBI v. Fikre*, Dkt. No. 22-1178.[1] In *Fikre*, the Court will evaluate whether the Ninth Circuit erred by holding that a "No Fly List" lawsuit against the government was not moot, despite the plaintiff's removal from the list.

In its Reply Brief urging a grant of *certiorari*, the FBI distinguished *Fikre* from cases involving race discrimination, such as *Cnty. of Los Angeles v. Davis*, 440 U.S. 625 (1979).[2] It stated: "A candidate who was not hired as a result of the discriminatory practices in *Davis* would have had an ongoing legally cognizable injury—the lack of a job—that could be redressed in part by an injunction requiring the county to reconsider his application anew." *Id.* at 5-6.

By distinguishing *Fikre* like this, the government embraced Appellants' theory of this case: that past discrimination is an injury that may be redressed, despite the government ceasing the challenged discriminatory conduct. *See also Sullivan v. Bedingfield*, 920 F.3d 401, 411 (6th Cir. 2019) (prisoner suit was not moot despite plaintiffs' release from prison, and despite the repeal of a statute, because "the statute fails to stop the differential treatment Plaintiffs continue to suffer"); *accord Zukerman v. U.S. Postal Service*, 64 F.4th 1354, 1363 (D.C. Cir. 2023) ("[T]he customized postage program has already been shuttered. … [Yet] Zukerman was injured the moment the Postal

---

[1] https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/22-1178.html

[2] https://www.supremecourt.gov/DocketPDF/22/22-1178/278798/20230905142203690_22-1178%20Fikre%20cert%20reply.pdf

Service refused to print and recognize his stamp. The effects of that past injury remain unremedied …").

At a minimum, the Court may wish to consider the Supreme Court's decision in *Fikre* prior to issuing its opinion here.

Separately, this Court recently held that the failure to advance a plain-error argument—regarding an argument not raised below—entails a complete waiver of that argument. *See Deer Creek Water Corp. v. Cty. of Okla. Cty.*, — F.4th —, 2023 WL 6056418, *4 (10th Cir., Sept. 18, 2023). *Deer Creek* establishes that the government affirmatively waived its argument that Appellants did not seek injunctive relief as to past injuries. (Opening Br. at 33; Reply Br. at 20-25).

*/s/ William E. Trachman*
William E. Trachman, CO BAR #45684
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Facsimile: (877) 349-7074
wtrachman@mslegal.org

*Attorney for Plaintiffs-Appellants*

cc: All Counsel of Record