

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave. NW, Rm. 7214
Washington, DC 20530

ACW:JESandberg

Tel.: (202) 532-4453

VIA CM/ECF

October 13, 2023

Christopher M. Wolpert, Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

Re: *Carpenter v. Vilsack*, No. 22-8079, and *Rogers v. Vilsack*, No. 23-1122
(consolidated oral argument held on Sept. 13, 2023)

Dear Mr. Wolpert:

    We respectfully respond to plaintiffs-appellants' October 9, 2023 letter.

    Plaintiffs are wrong that the government "embraced Appellants' theory of this case" in its reply in support of certiorari in *FBI v. Fikre*, No. 22-1178 (S. Ct.). *Cf.* 10/9 Ltr. 1. What the Solicitor General argued in *Fikre* is what the government argues here: a case seeking equitable relief becomes moot when the plaintiff no longer suffers cognizable injury, "'[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit.'" *Fikre* Cert. Reply 2 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). The reply's discussion of *County of Los Angeles v. Davis*, 440 U.S. 625 (1979) reflects that an Article III controversy in *Davis* persisted not because of allegations of past discrimination but because the plaintiffs suffered an "ongoing legally cognizable injury—the lack of a job." *Id.* at 5-6. Here, plaintiffs suffer no such ongoing injury: Section 1005 of ARPA has been repealed and, with it, the eligibility criteria about which plaintiffs brought suit.

    There is no need to await *Fikre*. At issue there is whether the Ninth Circuit erred in holding that the government must "'acquiesce[] to the righteousness'" of a plaintiff's arguments in order to demonstrate mootness under voluntary-

cessation principles. *Fikre* Cert. Reply 1. This Court has never imposed any such burden on the government (which is contrary to *Already*), and plaintiffs here do not argue that the government must renounce its past actions as a prerequisite for mootness. Affirmance here is warranted regardless of how *Fikre* is decided.

Plaintiffs also err in suggesting that the government waived its arguments as appellee by "fail[ing] to advance a plain-error argument." 10/9 Ltr. 2. The case they cite (*Deer Creek Water Corp. v. Oklahoma City*) concerned an *appellant's* obligation to show plain error for any arguments not previously presented below. The government did not argue plain error in its brief because it does not believe the district courts erred at all. In any event, "'mootness is jurisdictional and non-waivable.'" *Brown v. Buhman*, 822 F.3d 1151, 1167 n.17 (10th Cir. 2016).

Sincerely,

Abby C. Wright
/s/ *Jeffrey E. Sandberg*
Jeffrey E. Sandberg
Civil Division, Appellate Staff
U.S. Department of Justice

*Counsel for Defendants-Appellees*

cc: all counsel of record (via CM/ECF)